STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**

**June 21, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In Re*: Z.H.-1, Z.H.-2, J.H.-1, J.H.-2, and S.H.

**No. 16-0079** (Mercer County 15-JA-096-OA, 15-JA-097-OA, 15-JA-098-OA, 15-JA-099-OA, and 15-JA-100-OA)

## MEMORANDUM DECISION

Petitioner Mother A.H., by counsel John G. Byrd, appeals the Circuit Court of Mercer County's January 4, 2016, order terminating her parental rights to one-year-old Z.H.-1, one-year-old Z.H.-2, four-year-old J.H.-1, seven-year-old J.H.-2, and eight-year-old S.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), William O. Huffman, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in failing to require the DHHR to make a thorough effort to determine whether she could properly care for the children with intensive long-term assistance.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2015, the DHHR filed an abuse and neglect petition against petitioner. In that petition, the DHHR alleged that petitioner physically and verbally abused the children by hitting them in the face and threatening them; resided with a convicted sex offender and permitted the children to reside with him; was characterized by her mother as "not in her right state of mind to care for the children"; and allowed one of her twin one-year-olds to develop a severe diaper rash.

In August and September of 2015, petitioner was evaluated by two psychologists. First, a psychologist with Laurel Ridge Psychological Associates evaluated petitioner and found that she "reflects average levels of intellect and academic achievement," although she demonstrated a

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Further, as the children share initials, we have designated them as Z.H.-1, Z.H.-2, J.H.-1, and J.H.-2 in this memorandum decision.

1

possible personality disorder. Second, Dr. Timothy Saar, a licensed psychologist, evaluated petitioner and found that "[i]t is unlikely additional services will produce improvement [in petitioner's parenting], and, as a result, none are recommended."

In September of 2015, the circuit court held an adjudicatory hearing. Given the evidence of physical and other abuses, the circuit court adjudicated petitioner as an abusing parent. Petitioner does not appear to have properly requested an improvement period.

In December of 2015, the circuit court held a dispositional hearing. The circuit court heard testimony from the two psychologists who evaluated petitioner in August and September of 2015, respectively. A psychologist for three of the children also provided testimony. She explained that the children exhibited sexualized behaviors and disclosed sexual activities and physical abuse in petitioner's home. The children's psychologist explained that their disclosures indicated that they were at some time the victims, not only of physical abuse, but of sexual abuse as well. By order entered on January 4, 2016, the circuit court concluded that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect in the near future and that termination was in the children's best interests. Therefore, the circuit court terminated petitioner's parental rights to the children. This appeal followed.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Further, our case law provides that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); se*e also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

On appeal, petitioner argues that the circuit court erred in failing to require the DHHR to make a thorough effort to determine whether she could properly care for the children with intensive long-term assistance. This Court has explained that

> [w]here allegations of neglect are made against parents based on intellectual incapacity of such parent(s) and their consequent inability to adequately care for their children, termination of rights should occur only after the social services system makes a thorough effort to determine whether the parent(s) can adequately care for the children with intensive long-term assistance. In such case, however, the determination of whether the parents can function with such assistance should be made as soon as possible in order to maximize the child(ren)'s chances for a permanent placement.

Syl. Pt. 4, *In re Billy Joe M.*, 206 W.Va. 1, 521 S.E.2d 173 (1999). Therefore, an effort to establish long-term assistance may be required in child abuse and neglect based on the intellectual incapacity of the parents.

In the case sub judice, the DHHR was not required to make a thorough effort to determine whether petitioner could care for her children with intensive long-term assistance because this is not a case based upon intellectual incapacity. To the contrary, the psychologist from Laurel Ridge Psychological Associates determined that petitioner exhibited "average levels of intellect and academic achievement[.]" There is no indication in the record on appeal that petitioner's possible personality disorder is equivalent to an intellectual incapacity as contemplated in *In Re: Billy Joe M.* Further, even assuming Syllabus Point 4 of *In Re: Billy Joe M.* applied to this case, Dr. Saar explained in his report that he knew of no services that would improve petitioner's parenting. Therefore, given the circumstances of this case and the inability of intensive long-term assistance to correct the conditions of neglect or abuse, we find no clear error in the circuit court's order terminating petitioner's parental rights.

For the foregoing reasons, we find no error in the circuit court's January 4, 2016, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: June 21, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II